UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Gerald Patrick Barbaris, # 316683, | ) C/A No. 4:14-3-TMC-TER |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) REPORT AND RECOMMENDATION |
| | ) |
| Edsel Taylor, Warden, | ) |
| | ) |
| Respondent. | ) |
| _____ | ) |

A Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 was submitted to the court by a state prison inmate appearing pro se. Pursuant to 28 U.S.C. §636(b)(1)(B), and D.S.C. Civ. R. 73.02(B)(2)(c), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

## BACKGROUND

Gerald Patrick Barbaris ("Petitioner") is an inmate at MacDougall Correctional Institution in Ridgeville, South Carolina. This is the second § 2254 Petition submitted by this prisoner raising claims of ineffective assistance of trial counsel in connection with Petitioner's entry of a guilty plea to criminal sexual conduct charges in Dorchester County in July of 2006. His first § 2254 petition was "dismissed with prejudice" based on findings that he failed to exhaust his claims and they were procedurally defaulted. *Barbaris v. Taylor*, Civil Action No. 12-229-CMC. Petitioner's appeal from this court's decision on his initial § 2254 petition was dismissed by the Fourth Circuit Court of Appeals and the United States Supreme Court denied certiorari of that decision. *Barbaris v. Taylor*, 520 F. App'x 183 (4th Cir. ), *cert. denied*, _ U.S.

_, 134 S. Ct. 445, 187 L. Ed.2d 298 (2013).

In the Petition now under review, Petitioner alleges that he exhausted the points he now attempts to raise (which were found un-exhausted and procedurally barred in Civil Action No. 12-229-CMC) through a "state habeas action" that he filed pro se with the South Carolina Supreme Court after it refused to allow him to file a supplemental brief in his counseled appeal from the dismissal of his state post-conviction relief application. ECF No. 1, Pet. 3. That habeas petition was apparently pending in the state court during the pendency of Civil Action No. 12-229-CMC in this court or was filed shortly afterwards. Petitioner does not state when he filed the state habeas petition, but does allege that it concluded on December 20, 2013. ECF No. 1, Pet. 6-8. There is nothing in the Petition under review showing that Petitioner sought and received permission from the Fourth Circuit Court of Appeals to file this second Petition. Nevertheless, Petitioner asserts that this case is not "successive" and that he was not required to obtain such permission because he has now exhausted the grounds that this court found to un-exhausted and procedurally defaulted in Civil Action No. 12-229-CMC. ECF No. 1, Pet. 13.

## INITIAL REVIEW

Under established local procedure in this judicial district, a careful review was made of the pro se Petition filed in this case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

This court is required to construe pro se petitions liberally. Such pro se petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978),

and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007). When a federal court is evaluating a pro se petition the petitioner's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630n.1 (4th Cir. 2003). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Furthermore, this court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts; *see* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). Following the required initial review, it is recommended that the Petition submitted in this case should be summarily dismissed.

## DISCUSSION

If a petition is frivolous or patently absurd on its face, entry of dismissal may be made on the court's own motion without the necessity of requiring a responsive pleading from the government. *See Raines v. United States*, 423 F.2d 526, 529 (4th Cir. 1970). Chapter 153 of Title 28 of the United States Code provides a statutory framework for federal post-conviction relief from judgments of conviction entered in federal and state courts. Under this framework, individuals convicted of crimes in state courts seek federal habeas corpus relief through 28 U.S.C. § 2254. *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). Of particular importance here are federal statutes codifying and extending judicially constructed limits on the consideration of second and successive applications for collateral relief. *See Felker v. Turpin*, 518 U.S. 651, 657 (1996).

An individual may not file a second or successive § 2254 petition for a writ of habeas corpus (or the equivalent thereof) without first receiving permission to do so from the appropriate circuit court of appeals. The "gatekeeping" mechanism created by 28 U.S.C. § 2244(3)(A) provides:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

The issue of successiveness of a habeas petition may be raised by the court *sua sponte*. *Rodriguez v. Johnson*, 104 F.3d 694, 697 (5th Cir. 1997); *Latimer v. Warden*, No. 6:10-721-JFA-WMC, 2010 WL 2720912 (D.S.C. July 08, 2010). It has been held by one court of appeals that " a decision that a petitioner has lost the right to pursue a constitutional claim because it is procedurally barred and he has failed to show cause for his default and prejudice resulting therefrom, is a decision on the merits of his habeas petition. . . . .Thus, a dismissal 'on grounds of procedural default . . . renders a subsequent § 2254 petition . . . "second or successive" for purposes of the AEDPA.' " *Gandarilla v. Artuz*, 332 F.3d 182, 186 (2d Cir. 2003)(citations omitted)(quoting *Carter v. United States*, 150 F.3d 202, 205-06 (2d Cir. 1998)). The Fourth Circuit and other Circuits have ruled similarly. *See, e.g.*, *Harvey v. Horan*, 278 F.3d 370, 379-80 (4th Cir. 2002)(abrogated on other grounds involving § 1983 actions by *Skinner v. Switzer*, _ U.S._, 131 S. Ct. 1289, 179 L. Ed.2d 233 (2011)); *In re Cook*, 215 F.3d 606, 608 (6th Cir. 2000); *Bates v. Whitley*, 19 F.3d 1066. 1067 (5th Cir. 1994).

Because Petitioner did not obtain authorization from the Fourth Circuit Court of Appeals to file the Petition now under review, this court does not have jurisdiction to consider it and it is subject to summary dismissal without service on the Respondent. *See United States v. Winestock,* 340 F.3d 200, 205-06 (4th Cir. 2003)*; Moody v. Maynard*, 105 F. App'x 458, 464-65 (4th Cir. 2004).

**RECOMMENDATION**

Accordingly, it is recommended that the Petition for a Writ of Habeas Corpus in this case be dismissed *with prejudice* as successive.

Petitioner's attention is directed to the important notice on the next page.

s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

February 3, 2014  
Florence, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).