IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Gerald Patrick Barbaris, # 316683, | ) | |
| | ) | Civil Action No. 4:14-3-TMC |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Edsel Taylor, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Pursuant to 28 U.S.C. § 2254, the petitioner, a state prisoner proceeding pro se, has petitioned the court for a writ of habeas corpus. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c), D.S.C., all pre-trial proceedings in this case were referred to a magistrate judge. This matter is now before the court on the magistrate judge's Report and Recommendation ("Report"), recommending that the court dismiss the petition as successive. (ECF No. 16).[1] The petitioner objects to the Report, asserting that, because the state supreme court has now ruled on all of his claims, his current petition is not successive. (ECF No. 18).

The petitioner is currently serving time in a state institution after pleading guilty to criminal sexual conduct. He filed his first § 2254 petition on January 26, 2012, alleging two grounds of ineffective assistance of counsel. *See* Petition for Habeas Corpus, *Barbaris v. Taylor*, C/A No. 4:12-0229-CMC-TER (D.S.C. Jan. 26, 2012), ECF No. 1. At that time, the petitioner had progressed through the post-conviction relief ("PCR") process and the Supreme Court of South Carolina had denied his petition for certiorari. However, the petitioner did not raise his

---

[1] The magistrate judge's recommendation has no presumptive weight and the responsibility for making a final determination remains with the United States District Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court may accept, reject, or modify, in whole or in part, the recommendation, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). The court is charged with making a de novo determination of those portions of the Report to which a party specifically objects. *Id.*

1

federal habeas claims in his PCR application or subsequent appeals.[2] Accordingly, this court found the petitioner's claims procedurally defaulted and dismissed the petition with prejudice. *See* Opinion and Order, *Barbaris v. Taylor*, C/A No. 4:12-0229-CMC-TER (D.S.C. Dec. 12, 2012), ECF No. 28. After the court dismissed his original federal petition, the petitioner submitted his procedurally defaulted claims to the Supreme Court of South Carolina through a state habeas petition, which was also denied. *See* Order, *Barbaris v. Taylor*, Appellate Case No. 2013-002445 (S.C. Dec. 19, 2013).

Now, the petitioner argues that he has exhausted his federal habeas claims, so they are no longer procedurally barred and the court should consider the merits. In addition, he asserts that, because he was able to present his claims to the state court, despite not raising them in his PCR application or petition for writ of certiorari, the claims were not procedurally defaulted, so the court's dismissal of his first § 2254 petition was not on the merits and his current petition is, therefore, not successive. The court does not agree.

A successive petition is one that asserts identical grounds to a previous petition that the court dismissed on the merits. *See Slack v. McDaniel*, 529 U.S. 473, 485-89 (2000). In the Fourth Circuit, "a dismissal for procedural default is a dismissal on the merits." *Harvey v. Horan*, 278 F.3d 370, 380 (4th Cir. 2002) (distinguishing from a dismissal for failure to exhaust, which does not prevent later federal habeas review). However, a claim is not procedurally defaulted until the petitioner has exhausted all means of presenting the claim to the state courts under the applicable state procedural rules. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). Thus, if the Supreme Court of South Carolina considered the merits of the petitioner's state

---

[2] The petitioner did attempt to argue ineffective assistance of counsel at his PCR hearing. But, as the issue was not properly before the court, the court did not address the merits of that claim.

habeas petition, then those claims were not procedurally barred originally and his current petition is not successive.

The Supreme Court of South Carolina's order states, in its entirety: "This matter is before the Court on a petition for a writ of habeas corpus dated November 12, 2013. The petition is denied." The court finds this order cursory and ambiguous. When determining whether cursory state court rulings are based on the merits or on procedural grounds, courts look to the following factors: (1) the absence of a separate, federal reason for the state court's adjudication of the case; (2) whether the state court dismisses or denies the action; and (3) the circumstances surrounding the entry of the order. *See Smith v. Dixon*, 14 F.3d 956, 963 (4th Cir. 1994). In this case, these factors suggest that the Supreme Court of South Carolina disposed of the petitioner's case on procedural grounds.

First, the order is silent as to any adjudication of the petitioner's federal claims. The court may interpret this silence as evidence that the state court considered the merits only if it has "good reason to question whether there is an independent and adequate state ground for the decision." *Coleman v. Thompson*, 501 U.S. 722, 739 (1991). Here, the state rules governing PCR proceedings provided more than adequate grounds to deny the petition. Those rules required the petitioner to raise all grounds for relief in his original, supplemental, or amended PCR application, which he failed to do. *See* S.C. Code Ann. § 17-27-90 (1976).[3] Thus, the court finds that this factor weighs in favor of a procedural dismissal.

Second, the Fourth Circuit has found, in very similar circumstances, that a "'denial' by the Supreme Court of South Carolina, rather than a 'dismissal,' does not evidence its

---

[3] *See also Arnold v. State*, 309 S.C. 157, 172-73, 420 S.E.2d 834, 842-43 (1992) (any issue the petitioner could have raised in the initial PCR action may not be raised in a second PCR action); *Aice v. State*, 305 S.C. 448, 448, 409 S.E.2d 392, 393 (1991) (PCR applicant cannot circumvent the rules and file a successive petition "on the ground that his first complete PCR application was insufficient due to ineffective PCR counsel").

3

consideration of the merits" of a petitioner's claim. *Wilson v. Moore*, 999 F. Supp. 783, 789 (4th Cir. 1998). Thus, the court finds the order's denial unpersuasive evidence that the state court reached the merits of the petitioner's claims.

And, third, the circumstances surrounding the state court's order suggest that the court denied the petition on procedural grounds. The petitioner filed his state habeas petition on November 12, 2013. South Carolina court rules grant a respondent twenty days to respond to the petition. S.C.A.C.R. 245(c). Accordingly, the state supreme court could not have properly considered the petition until the state's time to respond had run. The state court entered its order denying the petition on December 19, 2013, only a week or so after the state's time to respond elapsed. The court finds it extremely unlikely, given the complexity of habeas claims and volume of materials often involved, that the state court could have reached the merits of the petitioner's claims in that short amount of time. In addition, when the Supreme Court of South Carolina decides habeas petitions on the merits, it generally details its reasoning. *See, e.g., Williams v. Ozmint*, 380 S.C. 473, 671 S.E.2d 600 (2008); *McWee v. State*, 357 S.C. 403, 592 S.E.2d 456 (2004); *Butler v. State*, 302 S.C. 466, 397 S.E.2d 87 (1990). Thus, the court concludes that the state supreme court denied the petitioner's state habeas petition on procedural grounds for failure to comply with the state PCR rules, and not on the merits of the petitioner's claims.

Because the petitioner's claims were and are procedurally barred, this court's dismissal of his original petition was on the merits. Thus, the petitioner may not file another § 2254 petition without leave of court. 28 U.S.C. § 2244(b)(3)(A). The petitioner has not presented evidence that he has obtained the necessary authorization from the Fourth Circuit Court of Appeals, so his petition is subject to summary dismissal without service on the respondent. *See*

4

*Moody v. Maynard*, 105 F. App'x 458, 464-65 (4th Cir. 2004); *United States v. Winestock*, 340 F.3d 200, 205-06 (4th Cir. 2003).

Accordingly, after a thorough review of the record in this case, the court adopts the Report and incorporates it herein.  The petition is, therefore, dismissed with prejudice as successive.

## Certificate of Appealability

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain  
United States District Judge

June 3, 2014  
Anderson, South Carolina